Bruce R. McAllister, ISB No. 2531
PERKINS, MITCHELL, POPE & MCALLISTER LLP
Capitol Park Plaza
300 North 6th Street, Suite 200
P. O. Box 519
Boise, Idaho 83701
Telephone: (208) 345-8600
Facsimile: (208) 345-8660
Email: service@perkinsmitchell.com

Jeffrey A. Dollinger - CSBN 146582
WOOLLS PEER DOLLINGER & SCHER
A Professional Corporation
One Wilshire Building
624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017
Telephone:   (213) 629-1600
Facsimile:    (213) 629-1660
Email: jdollinger@wpdslaw.com
*Pro Hac Vice*

Attorneys for Papa Murphy's International, LLC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM WHITT, <br><br> Plaintiff, <br><br> vs. <br><br> PAPA MURPHY'S INTERNATIONAL, LLC, a Foreign Corporation, d/b/a PAPA MURPHY'S TAKE N BAKE, <br><br> Defendant. | Case No. 1:18-cv-00231-BLW <br><br> THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF |

PAPA MURPHY'S INTERNATIONAL
LLC, a foreign LLC,

      Third Party Plaintiff,

vs.

C.H. ROBINSON COMPANY, a Delaware
Corporation; GRASMICK PRODUCE CO.
INC., an Idaho Corporation; and MOES 1
through 30, inclusive,

      Third Party Defendants.

      Defendant and Third Party Complainant Papa Murphy's International LLC (hereinafter "PMI") for its Third Party Complaint against Third Party Defendants C.H. Robinson Company (hereinafter "CHR"), Grasmick Produce Co., Inc. (hereinafter "Grasmick") and MOES 1 through 30, alleges as follows:

## DEMAND FOR JURY TRIAL

      1.    PMI demands a trial by jury on all issues triable by jury in the above-entitled action.

## JURISDICTION AND VENUE

      2.    This court has supplemental jurisdiction pursuant to 28 USC §1367(a).

      3.    Venue is proper in the District of Idaho because a substantial portion of the events and omissions alleged by Plaintiff occurred in this judicial district and Third Party Complainant PMI's claims herein against Third Party Defendants arise out of the same events and omissions.

THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF - 2

**PARTIES**

4.     PMI is a limited liability company organizing and existing under the laws of the State of Delaware with its principal place of business in Vancouver, Washington. PMI is authorized to, and does, conduct business in Idaho.

5.     PMI is informed and believes and on that basis alleges that CHR is a corporation organizing and existing under the laws of the State of Delaware with its principal place of business in Eden Prairie, Minnesota, and conducting business in Idaho.

6.     PMI is informed and believes and on that basis alleges that Grasmick is a corporation organizing and existing under the laws of the State of Idaho, with its principal place of business in Boise, Idaho.

7.     PMI is informed and believes and on that basis alleges that the third party MOE defendants, 1 through 30 inclusive, are third-parties that are responsible for growing, picking, distributing, processing, testing and/or otherwise affecting the romaine lettuce from the Yuma, Arizona region that was supplied to PMI's franchisee as alleged in plaintiff's complaint, and that is at issue in this action. PMI is currently unaware of the ownership and actual business name of the persons or entities.

8.     Since the true names and capacities, whether individual, corporate, associate, or otherwise, of third party defendants herein designated as Moes 1 through 30 inclusive, are unknown to at this time, PMI sues these third party defendants by such fictitious names. PMI is informed and believes and thereon alleges that each of these third party Moe defendants is responsible in some manner for the damages herein alleged, jointly and severally. PMI will seek leave of the Court to further amend this Third

THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF - 3

Party Complaint to insert the true names and capacities of these defendants when they have been ascertained, and will further ask leave to join these defendants in these proceedings.

9.     For ease of reference, CHR, Grasmick and Moe defendants are, at times, collectively referred to as "Third Party Defendants".

## GENERAL ALLEGATIONS

10.     On May 24, 2018, plaintiff filed this action alleging strict product liability, negligence and negligence per se, breach of warranties and breach of Idaho Consumer Protection Act against PMI.

11.     The Complaint alleges that on or about March 24, 2018, plaintiff consumed romaine lettuce that was contaminated by E. coli O157:H7 bacteria at the Papa Murphy's restaurant located at 2420 12th Ave. Rd., in Nampa, Idaho.

12.     The complaint further alleges plaintiff became ill, was hospitalized, tested positive for E. coli O157:H7 bacteria and suffered complications as a result of the allegedly tainted romaine lettuce.

13.     PMI is a franchisor specializing in "take n bake" pizzas. PMI operates a company-owned store at 2420 12th Ave. Rd., in Nampa, Idaho ("PMI Location"), from which Plaintiff alleges the injuries arose.

14.     PMI and CHR entered into a Master Services Agreement on May 1, 2010 for CHR to source quality produce and provide consistent distribution and supply chain related services to PMI company-owned stores and franchise owners, including the PMI Location.

THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF - 4

15.     The Master Services Agreement states that Washington law governs its interpretation.

16.     As evidenced by the ongoing conduct of the parties, at all times since the Master Services Agreement was signed, PMI and CHR have operated pursuant to the terms set forth in this agreement. PMI has received the benefit of CHR's services and CHR has and continues to receive the commensurate remuneration.

17.     PMI has fulfilled all of its obligations under the agreement or, to the extent any obligations were not fulfilled, said obligations were waived.

18.     Whether found to be express or implied in fact, based on the ongoing conduct of the parties, and the benefits CHR has and continues to accept from contractual relationship, CHR has consented to the obligations of the agreement. CHR is estopped from asserting it is not bound by the terms of the Master Services Agreement.

19.     Pursuant to the Master Services Agreement, CHR agreed to and did source certain produce for PMI, in accordance with PMI's requested size and packaging specifications.

20.     Pursuant to the Master Services Agreement, and the ongoing conduct of the parties, CHR agreed to and did provide exclusive sourcing of romaine lettuce to the PMI Location.

21.     Pursuant to the Master Services Agreement, and the ongoing conduct of the parties, CHR was compensated for its services in sourcing produce, including but not limited to the romaine lettuce, to the PMI Location.

THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF - 5

22.    Pursuant to the Master Services Agreement, CHR agreed to and did designate certain distributors who, on CHR's behalf, provided distribution services to PMI, including distributing produce.

23.    PMI is informed and believes and on that basis alleges that pursuant to the Master Services Agreement, Distributors purchase produce from CHR and sell it to PMI stores, whether company-owned or franchised stores.

24.    Pursuant to the Master Services Agreement, and the ongoing conduct of the parties, CHR agreed to indemnify, defend and hold PMI harmless:

against any and all liability and expense (including attorney's fees and expenses reasonably incurred) arising out of or in connection with any act or omission by [CHR] made by anyone for injuries of any kind, including but not limited to personal injury, death, property damage or theft. CHR shall contractually require the Distributor to indemnify PMI for damages caused by the Distributor and suffered by PMI.

25.    PMI is informed and believes and on that basis alleges that the present action regarding allegedly adulterated romaine lettuce arises out of or in connection with an act or omission by CHR in sourcing said produce.

26.    Pursuant to the Master Services Agreement, and the ongoing conduct of the parties, in order to ensure food safety, CHR agreed to provide annual audits of food safety programs of the Distributors used under the agreement. Audits are required to be unannounced and must be conducted by an independent third party food safety company recognized by Scientific Certification Systems.

THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF - 6

27.     PMI is informed and believes and on that basis alleges that Grasmick is the distributor who serviced the PMI Location, on CHR's behalf.

28.     PMI is informed and believes and on that basis alleges that the romaine lettuce utilized at the PMI Location was delivered by Grasmick.

## FIRST CAUSE OF ACTION
### (For Breach of Contract against CHR)

29.     PMI incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 28, inclusive, as though fully set forth herein.

30.     CHR is obligated to defend PMI against the present lawsuit and indemnify PMI against all loss, liability, expense, costs and attorneys' fees PMI sustains as a result of the present action.

31.     PMI has tendered the defense and indemnification of the present lawsuit to CHR.

32.     By letter dated July 3, 2018, CHR has refused to assume the defense and/or indemnification of PMI against the present lawsuit.

33.     CHR has breached its contractual obligations that are either express or implied in fact by refusing to assume the defense and/or indemnification of PMI against the present lawsuit.

## SECOND CAUSE OF ACTION
### (For Express Indemnity against CHR, Grasmick and Moes 1-10)

34.     PMI incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 28, inclusive, as though fully set forth herein.

THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF - 7

35.     CHR is obligated to defend PMI against the present lawsuit and indemnify PMI against all loss, liability, expense, costs and attorneys' fees PMI sustains as a result of the present action.

36.     PMI has tendered the defense and indemnification of the present lawsuit to CHR.

37.      By letter dated July 3, 2018, CHR has refused to assume the defense and/or indemnification of PMI against the present lawsuit.

38.     CHR has breached its contractual obligations by refusing to assume the defense and/or indemnification of PMI against the present lawsuit.

39.     The Master Services Agreement between PMI and CHR stated, among other things, that CHR would contractually require any CHR designated distributor to indemnify PMI for damages caused by said distributor and suffered by PMI.

40.     PMI is informed and believes and on that basis alleges that Grasmick is a CHR designated distributor for the PMI Location.

41.     PMI is informed and believes and on that basis alleges that Grasmick is contractually required to indemnify PMI for the damages alleged in Plaintiff's Complaint, if any.

42.     PMI is informed and believes and on that basis alleges that PMI has tendered the defense and indemnification of the present lawsuit to Grasmick.

43.     PMI is informed and believes and on that basis alleges that, to date, Grasmick has not agreed to assume the defense and/or indemnification of PMI against the present lawsuit.

THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF - 8

44.     PMI is informed and believes and on that basis alleges that by failing to assume the defense and/or indemnification of PMI against the present lawsuit, Grasmick has breached its contractual obligations.

45.     PMI is informed and believes and on that basis alleges that Grasmick is obligated to defend PMI against the present lawsuit and indemnify PMI against all loss, liability, expense, costs and attorneys' fees PMI sustains as a result of the present action.

### THIRD CAUSE OF ACTION
### (For Implied Equitable Indemnity against all Third Party Defendants)

46.     PMI incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 28, inclusive, as though fully set forth herein.

47.     PMI is informed and believes and on that basis alleges that the romaine lettuce sold to the public was in the same and/or substantially similar shape, condition and/or form as when it was supplied to the PMI Location.

48.     PMI is informed and believes and on that basis alleges that the alleged defect in the romaine lettuce, if any, existed when it was initially received at the PMI Location.

49.     PMI is informed and believes and on that basis alleges that it is in no way responsible for the damages alleged in plaintiff's Complaint. However, if PMI is found responsible in some manner to Plaintiff, or anyone else, as a result of the incidents and occurrences described in Plaintiff's Complaint, PMI is informed and believes and on that basis alleges that any such liability results from actions or inactions by Third Party Defendants, and not from PMI's conduct.

THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF - 9

50.     Therefore, if plaintiff recovers judgment against PMI, PMI is entitled to a judgment against Third Party Defendants for their percentage of plaintiff's judgment against PMI incurred by reason of the responsibility or fault of Third Party Defendants for all loss, liability, expense, costs and attorneys' fees PMI sustains as a result of the present action.

**FOURTH CAUSE OF ACTION**
**(For Breach of Implied Warranty of Merchantability**
**Against all Third Party Defendants)**

51.     PMI incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 28, inclusive, as though fully set forth herein.

52.     PMI is informed and believes and on that basis alleges that at the time the romaine lettuce was supplied to the PMI Location, Third Party Defendants were part of the supply chain for the romaine lettuce that was intended for human consumption. More specifically, Third Party Defendants were in the business of manufacturing, distributing, selling, sourcing and/or were otherwise in a legal relationship that stands between the manufacturer and PMI.

53.     Third Party Defendants were obligated to provide clean, unadulterated romaine lettuce that was, among other things, fit for human consumption.

54.     In the alternative, CHR was obligated to provide distributors that would provide clean, unadulterated romaine lettuce that was, among other things, fit for human consumption.

55.     The romaine lettuce that was delivered to the PMI Location included an implied warranty of merchantability under Idaho Code § 28-2-314.

56.     If the romaine lettuce delivered to the PMI Location was adulterated by being contaminated with E. coli 0157:H7 and/or other harmful bacteria, then Third Party Defendants breached the implied warranty of merchantability by supplying romaine lettuce to the PMI Location that was so adulterated and unfit for human consumption.

57.     In the alternative, if the romaine lettuce delivered to the PMI Location was adulterated by being contaminated with E. coli 0157:H7 and/or other harmful bacteria, then CHR breached the implied warranty of merchantability by improperly vetting, selecting and/or sourcing distributors that supplied romaine lettuce to the PMI Location, that was so adulterated and unfit for human consumption.

58.     PMI discovered the alleged breach of the implied warranty of merchantability and, within a reasonable amount of time thereafter, PMI notified Third Party Defendants of its alleged breach.

59.     To the extent that the Third Party Defendants did breach the implied warranty of merchantability by their actions or inactions, said breach has harmed PMI. PMI has been damaged in a sum according to proof at trial.

**FIFTH CAUSE OF ACTION**
**(For Breach of Implied Warranty of Fitness**
**Against all Third Party Defendants)**

60.     PMI incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 28, inclusive, as though fully set forth herein.

61.     PMI is informed and believes and on that basis alleges that at the time the romaine lettuce was supplied to the PMI Location, Third Party Defendants were in the business of selling romaine lettuce for eventual human consumption.

THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF - 11

62.     PMI is informed and believes and on that basis alleges that at the time the romaine lettuce was supplied to the PMI Location, Third Party Defendants were part of the supply chain for the romaine lettuce that was intended for human consumption. More specifically, Third Party Defendants were in the business of manufacturing, distributing, selling, sourcing and/or were otherwise in a legal relationship that stands between the manufacturer and PMI.

63.     PMI is informed and believes and on that basis alleges that PMI justifiably relied on Third Party Defendants' skill and judgment.

64.     PMI is informed and believes and on that basis alleges that at the time the romaine lettuce was supplied to the PMI Location, Third Party Defendants knew that PMI was relying on its skill and judgment to select or provide produce that was suitable for human consumption.

65.     In the alternative, PMI is informed and believes and on that basis alleges that at the time the romaine lettuce was supplied to the PMI Location, CHR knew that PMI was relying on its skill and judgment to vet, select and/or source distributors that would provide produce that was suitable for human consumption.

66.     Third Party Defendants were obligated to provide clean, unadulterated romaine lettuce that was, among other things, fit for human consumption.

67.     In the alternative, CHR was obligated to properly vet, select and/or source distributors that would provide clean, unadulterated romaine lettuce that was, among other things, fit for human consumption.

THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF - 12

68.    The romaine lettuce that was delivered to the PMI Location included an implied warranty of fitness under Idaho Code § 28-2-315.

69.    If the romaine lettuce delivered to the PMI Location was adulterated by being contaminated with E. coli 0157:H7 and/or other harmful bacteria, then Third Party Defendants breached the implied warranty of fitness by supplying romaine lettuce to the PMI Location that was so adulterated and unfit for human consumption.

70.    In the alternative, if the romaine lettuce delivered to the PMI Location was adulterated by being contaminated with E. coli 0157:H7 and/or other harmful bacteria, then CHR breached the implied warranty of fitness by improperly vetting, selecting and/or sourcing distributors that supplied romaine lettuce to the PMI Location that was so adulterated and unfit for human consumption.

71.    PMI discovered the alleged breach of the implied warranty of fitness and, within a reasonable amount of time thereafter, PMI notified Third Party Defendants of its alleged breach.

72.    To the extent that the Third Party Defendants did breach the implied warranty of fitness by their actions or inactions, said breach has harmed PMI. PMI has been damaged in a sum according to proof at trial.

## SIXTH CAUSE OF ACTION
### (For Strict Liability against all Third Party Defendants)

73.    PMI incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 28, inclusive, as though fully set forth herein.

74.    Third Party Defendants owed PMI a duty to only grow, distribute, sell and/or source food that was unadulterated and fit for human consumption.

THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF - 13

75.     PMI is informed and believes and on that basis alleges that the romaine lettuce sold to the public was in the same and/or substantially similar shape, condition and/or form as when it was supplied to the PMI Location. Thus, the alleged defect in the romaine lettuce, if any, existed when it was initially received at the PMI Location.

76.     PMI is informed and believes and on that basis alleges that it is in no way responsible for the damages alleged in plaintiff's Complaint.

77.     If, however, PMI is found responsible in some manner to Plaintiff, or anyone else, as a result of the incidents and occurrences described in Plaintiff's Complaint, Third Party Defendants are strictly liable for all injuries and damages that are alleged to have been proximately caused by exposure to the allegedly adulterated romaine lettuce.

## SEVENTH CAUSE OF ACTION
### (For Negligence against all Third Party Defendants)

78.     PMI incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 28, inclusive, as though fully set forth herein.

79.     Third Party Defendants had a duty to exercise reasonable care and diligence in sourcing, purchasing, producing, growing, processing, distributing, inspecting, selling or otherwise affecting the romaine lettuce that was delivered to the PMI Location, for sale to the public.

80.     As part of that duty, Third Party Defendants also had a duty to comply with all statutory and regulatory provisions that pertain or apply to the manufacture,

THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF - 14

distribution, storage, labeling, and sale of the food products that caused damages to Plaintiff, if any, including the applicable provisions of the Federal Food, Drug and Cosmetic Act and similar Idaho food and public health statutes.

81.     Plaintiff alleges the romaine lettuce that Plaintiff purchased and consumed was adulterated within the meaning of the federal Food, Drug and Cosmetic Act, and similar Idaho statutes, because it contained a deleterious substance that rendered it injurious to health, i.e., E. coli O157:H7 bacteria.

82.     Plaintiff's Complaint also alleges that the violation of said statutes and regulations constitutes negligence as a matter of law.

83.     If Plaintiff suffered the injuries alleged, then Third Party Defendants, were responsible, in whole or in part, for said injuries, in negligently, carelessly, and/or willfully failing to exercise reasonable care in the sourcing, purchasing, producing, growing, processing, distributing, inspecting, selling or otherwise affecting the supply of romaine lettuce that was delivered to the PMI Location, for sale to the public for human consumption.

84.     Moreover, said failure, on Third Party Defendants' part, caused damages which could have been prevented by reasonable efforts on their part.

85.     PMI is informed and believes and thereon alleges that throughout their handling of the romaine lettuce, Third Party Defendants were aware that the romaine lettuce would be sold for eventual human consumption.

86.     PMI is informed and believes and thereon alleges that Third Party Defendants were also aware that if the products they supplied contained any defects or

THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF - 15

adulterations, this would result in substantial and foreseeable damages such as the cost of medical care for injured consumers that ingested the allegedly adulterated romaine lettuce, costs associated with the recall and destruction of any damaged product.

87.    All damages suffered by Plaintiff, if any, were caused because of the negligence of Third Party Defendants.

88.    As a direct and proximate result of Third Party Defendants' negligence, if any, plaintiff filed the present action against PMI. PMI has incurred and continues to incur costs and expenses due to the failures of Third Party Defendants, including but not limited to expenses related to the complete recall and destruction of romaine lettuce from all PMI-owned stores, increased operations costs due to the recall, lost profits, loss of goodwill, litigations costs and attorneys' fees in order to defend against the present lawsuit as well as in prosecuting this Third Party Complaint. PMI has been damaged in a sum according to proof at trial.

**EIGHTH CAUSE OF ACTION**
**(For Contribution against all Third Party Defendants)**

89.    PMI incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 28 inclusive, as though fully set forth herein.

90.    By reason of the foregoing allegations, PMI will be damaged to if it is obligated to pay any sum, or any sum in excess of its proportionate amount of liability, if any, that is assessed.

91.    If PMI is held liable for any part of the claims asserted against it, PMI is entitled to contribution by Third Party Defendants, and each of them, proportioned to each of their share of liability, so that PMI may avoid payment of any sum to plaintiff or

any other party, or any sum in excess of PMI's proportionate share of liability, if any, in this action.

## NINTH CAUSE OF ACTION
### (For Declaratory Relief against all Third Party Defendants)

92.     PMI incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 28, inclusive, as though fully set forth herein.

93.     A dispute has arisen and an actual controversy now exists between PMI and CHR, concerning their respective rights and duties, in that PMI contends there is a valid contractual agreement between the parties, whether express or implied in fact based on the parties ongoing contractual relationship.

94.     A dispute has arisen and an actual controversy now exists between PMI and Third Party Defendants, and each of them, concerning their respective rights and duties, in that PMI contends that it is entitled to express and/or implied indemnity from all Third Party Defendants.

95.     PMI is informed and believes and on that basis alleges that Third Party Defendants, and each of them, oppose and deny the above contentions and contend that PMI is not entitled to the relief it seeks.

96.     A declaration of rights is necessary and appropriate at this time in order that PMI may ascertain its rights and duties because no adequate remedy, other than as prayed for, exists by which the rights of the parties may be determined.

## PRAYER FOR RELIEF

WHEREFORE, PMI prays for judgment against Third Party Defendants as follows:

THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF - 17

On the First Cause of Action for Breach of Contract (against CHR):

1.      For compensatory damages against CHR;

On the Second Cause of Action for Express Indemnity:

1.      For judgment against Third Party Defendants declaring that PMI has no liability as to plaintiff's Complaint and that such liability, if any, is instead imposed on Third Party Defendants based upon their respective percentages of liability under the Complaint;

2.      For judgment against Third Party Defendants for the costs of defense and reasonable attorneys' fees incurred by PMI in its defense of plaintiff's Complaint and any and all related actions according to proof;

On the Third Cause of Action for Equitable Indemnity:

1.      For compensatory damages;

2.      For indemnity from and against any obligation to pay any portion of any settlement, compromise, judgment or award that plaintiff may recover against PMI in this action;

On the Fourth and Fifth Causes of Action for Breach of Implied Warranties:

1.      For judgment against Third Party Defendants declaring that PMI has no liability as to plaintiff's Complaint and that such liability, if any, is instead imposed on Third Party Defendants;

On the Sixth Cause of Action for Strict Liability:

1.      For judgment against Third Party Defendants declaring that PMI has no liability as to plaintiff's Complaint and that such liability, if any, is instead imposed on

THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF - 18

Third Party Defendants, for which they have been found to be strictly liable;

On the Seventh Cause of Action Negligence:

1.      For compensatory damages;

On the Eighth Cause of Action for Contribution:

1.      For contribution in the event any sum or sums are found to be recoverable or are paid by PMI;

On the Ninth Cause of Action for Declaratory Relief:

1.      For a declaration that Third Party Defendants are obligated to defend, indemnify and/or hold PMI harmless against any judgment which plaintiff may recover against PMI in this action, based upon the express and/or implied indemnity provisions of the express and/or implied contracts entered between PMI and Third Party Defendants;

2.      For a declaration of the rights and obligations between PMI and Third Party Defendants in the event that PMI is held liable to plaintiff or any other party in this action;

On all Causes of Action

1.      For damages according to proof;

2.      For attorneys' fees and costs of suit to the extent permitted by law;

3.      For such additional and/or further relief as this Court deems just and equitable.

DATED this 6th day of July, 2018.

PERKINS, MITCHELL, POPE & MCALLISTER LLP

By: /s/ Bruce R. McAllister
    Bruce R. McAllister, of the Firm
    Attorney for Papa Murphy's

DATED this 6th day of July, 2018.

WOOLLS PEER DOLLINGER & SCHER
A Professional Corporation

By: /s/ Jeffrey A. Dollinger
    Jeffrey A. Dollinger
    Admitted *Pro Hac Vice*
    Attorney for Papa Murphey's

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of July, 2018 I served a true and correct copy of the foregoing THIRD PARTY COMPLAINT FOR BREACH OF CONTRACT; EXPRESS INDEMNITY; IMPLIED EQUITABLE INDEMNITY;BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY; BREACH OF IMPLIED WARRANTY OF FITNESS; STRICT LIABILITY; CONTRIBUTION; NEGLIGENCE; AND DECLARATORY RELIEF by delivering the same to each of the following, by the method indicated below, addressed as follows:

Jacob D. Bottari                        [ ]    U.S. Mail, postage prepaid
Michael G. Brady                      [ ]    Hand-Delivered
EBERLE, BERLIN, KADING, TURNBOW &    [ ]    Overnight Mail
MCKLVEEN                             [ ]    Facsimile (208) 344-8542
1111 W. Jefferson Street              [X]    CM/ECF System
P.O. Box 1368                                jbottari@eberle.com
Boise, Idaho 83701                           mbrady@eberle.com


William D. Marler                      [ ]    U.S. Mail, postage prepaid
MARLER CLARK, LLP, PS                  [ ]    Hand-Delivered
The Food Safety Law Firm              [ ]    Overnight Mail
1012 First Ave. 5th Floor             [ ]    Facsimile (206) 346-1888
Seattle, Washington 98104-1008        [X]    CM/ECF System
                                             bmarler@marlerclark.com


Jeffrey A. Dollinger                   [ ]    U.S. Mail, postage prepaid
Woolls, Peer, Dollinger & Scher       [ ]    Hand-Delivered
A Professional Corporation            [ ]    Overnight Mail
624 South Grand Avenue 22nd Floor     [ ]    Facsimile (206) 346-1888
Los Angeles, California 90017         [X]    CM/ECF System
                                             jdollinger@wpdslaw.com


                                   _____/s/ Bruce R. McAllister_____
                                        Bruce R. McAllister