William T. Mitchell (*admitted pro hac vice*)
Sean Keenan (*admitted pro hac vice*)
Sunshine R. Nasworthy (*admitted pro hac vice*)
CRUSER, MITCHELL, NOVITZ, SANCHEZ,
　GASTON & ZIMET, LLP
275 Scientific Drive, Suite 2000
Norcross, GA  30092
Telephone:  (404) 881-2622
Email: bmitchell@cmlawfirm.com
　　　skeenan@cmlawfirm.com
　　　snasworthy@cmlawfirm.com

A. Dean Bennett (ISB #7735)
Alexandra S. Grande (ISB #9566)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
P.O. Box 2527
Boise, ID 83702-2527
Telephone: (208) 342-5000
Facsimile: (208) 343-8869
Email: adbennett@hollandhart.com
　　　asgrande@hollandhart.com

Attorneys for Third-Party Defendant
C.H. Robinson Company

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM WHITT,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>PAPA MURPHY'S INTERNATIONAL, LLC, a foreign corporation d/b/a PAPA MURPHY'S TAKE N BAKE,<br><br>　　　　　　Defendant. | Case No.  1:18-cv-00231-BLW<br><br>**ANSWER AND DEFENSES OF THIRD-PARTY DEFENDANT C.H. ROBINSON COMPANY TO THIRD-PARTY COMPLAINT AND DEMAND FOR JURY TRIAL** |

PAPA MURPHY'S INTERNATIONAL LLC,
a foreign LLC,

               Third-Party Plaintiff,

vs.

C.H. ROBINSON COMPANY, a Delaware
corporation; GRASMICK PRODUCE CO.
INC., an Idaho corporation; AND MOES 1
through 30, inclusive,

               Third-Party Defendants.

COMES NOW, C.H. Robinson Company (hereinafter "CHR"), a named third-party defendant in the above-styled action, and hereby files and serves its Answer and Defenses to Third-Party Plaintiff Papa Murphy's International, LLC's (hereinafter "PMI") Third-Party Complaint, respectfully showing this Court as follows:

## FIRST DEFENSE

PMI has failed to state a claim against CHR upon which relief may be granted.

## SECOND DEFENSE

As a second defense, CHR responds to the individually numbered paragraphs of PMI's Third-Party Complaint as follows:

## I.      DEMAND FOR JURY TRIAL

1.      CHR admits that PMI has demanded a jury trial.  Responding further, CHR denies any and all allegations of liability and denies that PMI is entitled to recover anything whatsoever from CHR.

## II.    JURISDICTION AND VENUE

2.      CHR can neither admit nor deny the allegations contained in paragraph 2 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

3.      CHR can neither admit nor deny the allegations contained in paragraph 3 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

## III.    PARTIES

4.      CHR can neither admit nor deny the allegations contained in paragraph 4 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

5.      CHR admits the allegations contained in paragraph 5 of PMI's Third-Party Complaint.

6.      CHR can neither admit nor deny the allegations contained in paragraph 6 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

7.      CHR can neither admit nor deny the allegations contained in paragraph 7 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

8.      CHR admits that PMI has designated certain third-party defendants using the fictitious names "Moes 1 through 30."  Responding further, CHR can neither admit nor deny the remaining allegations contained in paragraph 8 of PMI's Third-Party Complaint for want of

sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

9.      Paragraph 9 of PMI's Third-Party Complaint does not require a response from CHR.  Responding further, CHR denies any and all allegations of liability against CHR contained in Paragraph 10 of PMI's Third-Party Complaint.

### IV.    GENERAL ALLEGATIONS

10.     CHR admits the allegations contained in paragraph 10 of PMI's Third-Party Complaint.  Responding further, CHR denies any and all allegations of liability against CHR contained in Paragraph 9 of PMI's Third-Party Complaint.

11.     Paragraph 11 does not require a response as Plaintiff's Complaint speaks for itself.  To the extent that the allegations contained in Paragraph 11 of PMI's Third-Party Complaint are inconsistent with Plaintiff's Complaint, they are denied.  Responding further, CHR denies any and all allegations of liability and denies that PMI is entitled to recover anything whatsoever from CHR.

12.     Paragraph 12 does not require a response as Plaintiff's Complaint speaks for itself.  To the extent that the allegations contained in Paragraph 12 of PMI's Third-Party Complaint are inconsistent with Plaintiff's Complaint, they are denied.  Responding further, CHR denies any and all allegations of liability and denies that PMI is entitled to recover anything whatsoever from CHR.

13.     CHR can neither admit nor deny the allegations contained in paragraph 13 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

ANSWER AND DEFENSES OF THIRD-PARTY DEFENDANT C.H. ROBINSON COMPANY TO THIRD-PARTY COMPLAINT AND DEMAND FOR JURY TRIAL - 4

14.     CHR admits that it entered into a Master Services Agreement with PMI on or about May 1, 2010.  Responding further, CHR states that the terms of the Master Services Agreement speak for themselves.  To the extent that the allegations contained in paragraph 14 of PMI's Third-Party Complaint are inconsistent with the Master Services Agreement, they are denied.

15.     CHR admits the allegations contained in Paragraph 15 of PMI's Third-Party Complaint.

16.     CHR denies the allegations contained in paragraph 16 of PMI's Third-Party Complaint.

17.     CHR denies the allegations contained in paragraph 17 of PMI's Third-Party Complaint.

18.     CHR denies the allegations contained in paragraph 18 of PMI's Third-Party Complaint.

19.     CHR denies the allegations contained in paragraph 19 of PMI's Third-Party Complaint.

20.     CHR denies the allegations contained in paragraph 20 of PMI's Third-Party Complaint.

21.     CHR denies the allegations contained in paragraph 21 of PMI's Third-Party Complaint.

22.     CHR denies the allegations contained in paragraph 22 of PMI's Third-Party Complaint.

23.     CHR denies the allegations contained in paragraph 23 of PMI's Third-Party Complaint.

24.     CHR states that the terms of the Master Services Agreement speak for themselves.  To the extent that the allegations contained in paragraph 24 of PMI's Third-Party Complaint are inconsistent with the Master Services Agreement, they are denied.  Responding further, CHR denies any and all allegations of liability and denies that PMI is entitled to recover anything whatsoever from CHR.

25.     CHR denies the allegations contained in paragraph 25 of PMI's Third-Party Complaint.

26.     CHR states that the terms of the Master Services Agreement speak for themselves.  To the extent that the allegations contained in paragraph 26 of PMI's Third-Party Complaint are inconsistent with the Master Services Agreement, they are denied.  Responding further, CHR denies any and all allegations of liability and denies that PMI is entitled to anything whatsoever from CHR.

27.     CHR denies the allegations contained in paragraph 27 of PMI's Third-Party Complaint.

28.     CHR can neither admit nor deny the allegations contained in paragraph 28 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

## FIRST CAUSE OF ACTION
### *(for Breach of Contract Against CHR)*

29.     CHR incorporates as if fully set forth herein its responses to paragraphs 1 through 28 of PMI's Third-Party Complaint.

30.     CHR denies the allegations contained in paragraph 30 of PMI's Third-Party Complaint.

31.     CHR admits the allegations contained in paragraph 31 of PMI's Third-Party Complaint.

32.     In response to the allegations contained in paragraph 32 of PMI's Third-Party Complaint, CHR admits that it has not assumed the defense and/or indemnification of PMI as related to the instant lawsuit as it is not contractually or legally obligated to do so.

33.     CHR denies the allegations contained in paragraph 33 of PMI's Third-Party Complaint.

## SECOND CAUSE OF ACTION
### *(for Express Indemnity Against CHR, Grasmick and Moes 1-10)*

34.     CHR incorporates as if fully set forth herein its responses to paragraphs 1 through 33 of PMI's Third-Party Complaint.

35.     CHR denies the allegations contained in paragraph 35 of PMI's Third-Party Complaint.

36.     CHR admits the allegations contained in paragraph 36 of PMI's Third-Party Complaint.

37.     In response to the allegations contained in paragraph 37 of PMI's Third-Party Complaint, CHR admits that it has not assumed the defense and/or indemnification of PMI as related to the instant lawsuit as it is not contractually or legally obligated to do so.

38.     CHR denies the allegations contained in paragraph 38 of PMI's Third-Party Complaint.

39.     CHR states that the terms of the Master Services Agreement speak for themselves.  To the extent that the allegations contained in paragraph 39 of PMI's Third-Party Complaint are inconsistent with the Master Services Agreement, they are denied.  Responding

further, CHR denies any and all allegations of liability and denies that PMI is entitled to recover anything whatsoever from CHR.

40.     CHR denies the allegations contained in paragraph 40 of PMI's Third-Party Complaint.

41.     CHR can neither admit nor deny the allegations contained in paragraph 41 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

42.     CHR can neither admit nor deny the allegations contained in paragraph 42 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

43.     CHR can neither admit nor deny the allegations contained in paragraph 43 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

44.     CHR can neither admit nor deny the allegations contained in paragraph 44 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

45.     CHR can neither admit nor deny the allegations contained in paragraph 45 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

## THIRD CAUSE OF ACTION
### *(for Implied Equitable Indemnity Against all Third-Party Defendants)*

46.     CHR incorporates as if fully set forth herein its responses to paragraphs 1 through 45 of PMI's Third-Party Complaint.

47.     CHR can neither admit nor deny the allegations contained in paragraph 47 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

48.     CHR can neither admit nor deny the allegations contained in paragraph 48 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

49.     CHR denies the allegations contained in paragraph 49 of PMI's Third-Party Complaint.

50.     CHR denies the allegations contained in paragraph 50 of PMI's Third-Party Complaint.

### FOURTH CAUSE OF ACTION
*(for Breach of Implied Warranty of Merchantability*
*Against all Third-Party Defendants)*

51.     CHR incorporates as if fully set forth herein its responses to paragraphs 1 through 50 of PMI's Third-Party Complaint.

52.     CHR denies the allegations contained in paragraph 52 of PMI's Third-Party Complaint.

53.     CHR denies the allegations contained in paragraph 53 of PMI's Third-Party Complaint.

54.     CHR denies the allegations contained in paragraph 54 of PMI's Third-Party Complaint.

55.     CHR can neither admit nor deny the allegations contained in paragraph 55 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

56.     CHR denies the allegations contained in paragraph 56 of PMI's Third-Party Complaint.

57.     CHR denies the allegations contained in paragraph 57 of PMI's Third-Party Complaint.

58.     CHR can neither admit nor deny the allegations contained in paragraph 58 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

59.     CHR denies the allegations contained in paragraph 59 of PMI's Third-Party Complaint.

**FIFTH CAUSE OF ACTION**
*(for Breach Implied Warranty of Fitness*
*Against all Third-Party Defendants)*

60.     CHR incorporates as if fully set forth herein its responses to paragraphs 1 through 59 of PMI's Third-Party Complaint.

61.     CHR denies the allegations contained in paragraph 61 of PMI's Third-Party Complaint.

62.     CHR denies the allegations contained in paragraph 62 of PMI's Third-Party Complaint.

63.     CHR denies the allegations contained in paragraph 63 of PMI's Third-Party Complaint.

64.     CHR denies the allegations contained in paragraph 64 of PMI's Third-Party Complaint.

65.     CHR denies the allegations contained in paragraph 65 of PMI's Third-Party Complaint.

66.      CHR denies the allegations contained in paragraph 66 of PMI's Third-Party Complaint.

67.      CHR denies the allegations contained in paragraph 67 of PMI's Third-Party Complaint.

68.      CHR can neither admit nor deny the allegations contained in paragraph 68 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

69.      CHR denies the allegations contained in paragraph 69 of PMI's Third-Party Complaint.

70.      CHR denies the allegations contained in paragraph 70 of PMI's Third-Party Complaint.

71.      CHR denies the allegations contained in paragraph 71 of PMI's Third-Party Complaint.

72.      CHR denies the allegations contained in paragraph 72 of PMI's Third-Party Complaint.

## SIXTH CAUSE OF ACTION
### *(for Strict Liability Against All Third Party Defendants)*

73.      CHR incorporates as if fully set forth herein its responses to paragraphs 1 through 72 of PMI's Third-Party Complaint.

74.      CHR denies the allegations contained in paragraph 74 of PMI's Third-Party Complaint.

75.      CHR can neither admit nor deny the allegations contained in paragraph 75 of PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth thereof and puts PMI upon strict proof of same.

76.     CHR denies the allegations contained in paragraph 76 of PMI's Third-Party Complaint.

77.     CHR denies the allegations contained in paragraph 77 of PMI's Third-Party Complaint.

## SEVENTH CAUSE OF ACTION
### *(for Negligence Against all Third-Party Defendants)*

78.     CHR incorporates as if fully set forth herein its responses to paragraphs 1 through 77 of PMI's Third-Party Complaint.

79.     CHR denies the allegations contained in paragraph 79 of PMI's Third-Party Complaint.

80.     CHR denies the allegations contained in paragraph 80 of PMI's Third-Party Complaint.

81.     Paragraph 88 does not require a response as Plaintiff's Complaint speaks for itself.  To the extent that the allegations contained in Paragraph 81 of PMI's Third-Party Complaint are inconsistent with Plaintiff's Complaint, they are denied.  Responding further, CHR denies any and all allegations of liability and denies that PMI is entitled to recover anything whatsoever from CHR.

82.     Paragraph 89 does not require a response as Plaintiff's Complaint speaks for itself.  To the extent that the allegations contained in Paragraph 82 of PMI's Third-Party Complaint are inconsistent with Plaintiff's Complaint, they are denied. Responding further, CHR denies any and all allegations of liability and denies that PMI is entitled to recover anything whatsoever from CHR.

83.     CHR denies the allegations contained in paragraph 83 of PMI's Third-Party Complaint.

84.     CHR denies the allegations contained in paragraph 84 of PMI's Third-Party

Complaint.

85.     CHR denies the allegations contained in paragraph 85 of PMI's Third-Party

Complaint.

86.     CHR denies the allegations contained in paragraph 86 of PMI's Third-Party

Complaint.

87.     CHR denies the allegations contained in paragraph 87 of PMI's Third-Party

Complaint.

88.     CHR denies the allegations contained in paragraph 88 of PMI's Third-Party

Complaint.

## EIGHTH CAUSE OF ACTION
### *(for Contribution Against all Third-Party Defendants)*

89.     CHR incorporates as if fully set forth herein its responses to paragraphs 1 through

88 of PMI's Third-Party Complaint.

90.     CHR can neither admit nor deny the allegations contained in paragraph 90 of

PMI's Third-Party Complaint for want of sufficient information to form a belief as to the truth

thereof and puts PMI upon strict proof of same.

91.     CHR denies the allegations contained in paragraph 91 of PMI's Third-Party

Complaint.

## NINTH CAUSE OF ACTION
### *(for Declaratory Relief Against all Third-Party Defendants)*

92.     CHR incorporates as if fully set forth herein its responses to paragraphs 1 through

91 of PMI's Third-Party Complaint.

93.     CHR admits that there is a dispute and actual controversy between PMI and CHR based on the allegations in PMI's Third-Party Complaint.  Responding further, CHR denies the remaining allegations contained in paragraph 93 of PMI's Third-Party Complaint, including that CHR is liable to PMI, that it is contractually or legally obligated to defend and indemnify PMI, and that PMI is entitled to recover anything whatsoever from CHR.

94.     CHR admits that there is a dispute and actual controversy between PMI and CHR based on the allegations in PMI's Third-Party Complaint.  Responding further, CHR denies the remaining allegations contained in paragraph 94 of PMI's Third-Party Complaint, including that CHR is liable to PMI, that it is contractually or legally obligated to defend and indemnify PMI, and that PMI is entitled to recover anything whatsoever from CHR.

95.     CHR admits that there is a dispute and actual controversy between PMI and CHR based on the allegations in PMI's Third-Party Complaint.  Responding further, CHR denies the remaining allegations contained in paragraph 95 of PMI's Third-Party Complaint, including that CHR is liable to PMI, that it is contractually or legally obligated to defend and indemnify PMI, and that PMI is entitled to recover anything whatsoever from CHR.

96.     CHR denies the allegations contained in paragraph 96 of PMI's Third-Party Complaint.

97.     All other allegations contained in PMI's Third-Party Complaint not hereinbefore specifically responded to are hereby denied.

98.     CHR denies all allegations, to the extent that they exist, in the unnumbered "WHEREFORE" section, including all subparts, of PMI's Third-Party Complaint.  Further, CHR denies that PMI is entitled to any of the relief requested in the "WHEREFORE" section, and all of its subparts, of PMI's Third-Party Complaint.

**THIRD DEFENSE**

CHR defendant has breached no duty owed to PMI, whether by law or contract, and was not on notice of anything that would cause injury to anyone.

**FOURTH DEFENSE**

To the extent as may be shown by the evidence through discovery, CHR asserts that plaintiff's and/or PMI's alleged damages, if any, were directly and proximately caused by persons or entities other than CHR.

**FIFTH DEFENSE**

To the extent as may be shown by the evidence through discovery, CHR asserts that plaintiff's and/or PMI's alleged damages, if any, were directly and proximately caused by the acts or omissions of plaintiff, PMI and/or others which constituted contributory and comparative negligence and failure to exercise ordinary care.

**SIXTH DEFENSE**

No act or omission by CHR either proximately caused or contributed to whatever injury or damage plaintiff and/or PMI claims to have sustained.

**SEVENTH DEFENSE**

PMI had full knowledge of the circumstances of which it complains and voluntarily and knowingly encountered the conditions of which it complains, thereby knowingly assuming any risk of damages which they now allege were caused by CHR, with the result that PMI is not entitled to recover anything from CHR.

**EIGHTH DEFENSE**

To the extent as may be shown by the evidence through discovery, CHR asserts that PMI, by the exercise of ordinary care and proper use of the product at issue in this case, could have

avoided the consequences of any act or failure to act of CHR.  CHR, however, denies that any act or failure to act on its part caused or contributed to, in any way whatsoever, the damages complained of by plaintiff and/or PMI.

### NINTH DEFENSE

PMI has failed to satisfy all conditions precedent and, thus, is barred from any recovery.

### TENTH DEFENSE

PMI's claims are barred because PMI failed to mitigate its alleged damages, the existence of which is expressly denied.

### ELEVENTH DEFENSE

PMI's claims are barred based on the doctrines of waiver, release, estoppel, laches, payment and/or accord and satisfaction.

### TWELFTH DEFENSE

PMI's claims are barred, in whole or in part, by PMI's unclean hands.

### THIRTEENTH DEFENSE

PMI's claims are barred because, at all times, CHR acted reasonably and in good faith and in accordance with any and all laws, rules, regulations or other authority.

### FOURTEENTH DEFENSE

CHR raises the defense of lack of privity and/or contractual relation between PMI and CHR.

### FIFTEENTH DEFENSE

CHR raises the defense of PMI's lack of standing.

### SIXTEENTH DEFENSE

Any alleged damages claimed by plaintiff and/or PMI were not foreseeable to CHR.

**SEVENTEENTH DEFENSE**

Any damages alleged by plaintiff and/or PMI were due to a situation created by individuals or entities other than CHR and over which CHR had no control.

**EIGHTEENTH DEFENSE**

To the extent that PMI can establish that CHR designed, developed, fabricated, manufactured, produced, assembled, imported, marketed, packaged, distributed, sold, or placed in the stream of commerce the subject defective lettuce, which CHR denies, such lettuce was at all relevant times in conformity with the state of the art at the time sale and the best standards, practices, and specifications for such product as recognized by the industry.  Further, CHR, at all times, complied with applicable federal, state and/or local law, regulations, guidelines and recommendations.

**NINETEENTH DEFENSE**

CHR cannot be responsible for any claims alleged herein because, even assuming that CHR supplied the subject romaine lettuce, which CHR denies, the subject lettuce was fit for its ordinary purpose, had no defect, was not adulterated, and was not unreasonably dangerous when it left CHR's control.  Further, CHR cannot be held responsible for any product which was altered, misused, improperly installed, improperly serviced, improperly maintained, improperly handled, improperly stored, and/or improperly repaired.

**TWENTIETH DEFENSE**

To the extent as may be shown by the evidence through discovery, CHR asserts that it is not liable to PMI because the negligence of other individuals and/or entities equaled or exceeded that of CHR, if any.  CHR, however, denies that it produced, brought about, caused, or contributed to, in any way whatsoever, the damages complained of by plaintiff and/or PMI.

## TWENTY-FIRST DEFENSE

PMI's claims for indemnity and contribution are barred as PMI has not paid more than its pro rata share of liability.

## TWENTY-SECOND DEFENSE

PMI's alleged damages are too remote to be the basis of recovery against CHR.

## TWENTY-THIRD DEFENSE

CHR asserts that, to the extent that PMI can establish some degree of wrongdoing by CHR, which CHR denies, CHR has a right to have the jury apportion damages according to each party's degree of fault.

## TWENTY-FOURTH DEFENSE

To the extent applicable, CHR asserts each affirmative defense set forth in the Federal Rule of Civil Procedure 8.

## TWENTY-FIFTH DEFENSE

PMI has failed to join a necessary and indispensable party as required under Federal Rule of Civil Procedure 9.

## TWENTY-SIXTH DEFENSE

PMI's claims are barred because plaintiff's and/or PMI's claims are preempted by federal law.

## TWENTY-SEVENTH DEFENSE

PMI's claims are barred by the applicable statute of limitations.

## TWENTY-EIGHTH DEFENSE

CHR may have further and additional affirmative defenses which are not yet known to this CHR, but which may become known through future discovery.  CHR specifically reserves

the right to assert each and every affirmative defense as it may be ascertained through future

discovery herein.

WHEREFORE, having answered fully, third-party defendant C.H. ROBINSON

COMPANY respectfully requests that this Court dismiss PMI's Third-Party Complaint and cast

all costs against PAPA MURPHY'S INTERNATIONAL, LLC.

**C.H. ROBINSON COMPANY DEMANDS A TRIAL BY JURY**

DATED this 30th day of August, 2018.

CRUSER, MITCHELL, NOVITZ, SANCHEZ,
GASTON & ZIMET LLP

By         */s/ Sean Keenan*
         William T. Mitchell *(admitted pro hac vice)*
         Sean Keenan *(admitted pro hac vice)*
         Sunshine Nasworthy *(admitted pro hac vice)*
         Attorneys for Third-Party Defendant
         C.H. Robinson Company

DATED this 30th day of August, 2018.

HOLLAND & HART LLP

By         */s/ A. Dean Bennett*
         A. Dean Bennett
         Attorneys for Third-Party Defendant
         C.H. Robinson Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of August, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Bruce R. McAllister             brmcallister@perkinsmitchell.com
Perkins, Mitchell, Pope &
  McAllister LLP
300 N. 6th St., Suite 200
P.O. Box 519
Boise, ID  83701

Jeffrey A. Dollinger            jdollinger@wpdslaw.com
Woolls Peer Dollinger &
  Scher, APC
One Wilshire Bldg.
624 S. Grand Ave., 22nd Flr.
Los Angeles, CA  90017

Samuel Toevs Creason            screason@cmd-law.com
Creason, Moore, Dokken &
  Geidl, PLLC
P.O. Drawer 835
Lewiston, ID  83501

Michael G. Brady                bradylaw@bradylawoffice.com
Eberle, Berlin, Kading, Turnbow &
  McKlveen, Chtd.
1111 W. Jefferson St., Suite 530
Boise, ID  83701

William D. Marler               bmarler@marlerclark.com
Marler Clark LLP, PS
1012 First Ave., Suite 500
Seattle, WA  98104


        /s/ A. Dean Bennett
for HOLLAND & HART LLP

11360797_1.DOC