UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM WHITT, | Case No. 1:18-cv-00231-BLW |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| PAPA MURPHY'S INTERNATIONAL, LLC, a Foreign corporation d/b/a PAPA MURPHY'S TAKE N BAKE, | |
| Defendant. | |
| PAPA MURPHY'S INTERNATIONAL, LLC, a Foreign corporation d/b/a PAPA MURPHY'S TAKE N BAKE, | |
| Third Party Plaintiff, | |
| v. | |
| C.H. ROBINSON COMPANY, a Delaware Corporation; GRASMICK PRODUCE CO. INC., an Idaho Corporation; and MOES 1 through 30, inclusive,, | |
| Third Party Defendants. | |

The Court has before it Third Party Defendant Grasmick Produce Co., Inc's Motion for Leave to File Third Party Complaint (Dkt. 44). No party has responded to the motion, and the deadline for responding has passed.

Rule 14 permits third-party complaints. Fed.R.Civ.P. 14(a). The decision whether to implead a third-party defendant is left to the sound discretion of the trial court. *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir.1986). The purpose of impleader is to promote judicial efficiency by avoiding separate actions against third parties who may be liable to defendant for part or all of plaintiff's original claim. 6 Fed. Prac. & Proc. Civ § 1442 (3d ed.). Impleader also helps avoid inconsistent outcomes for claims based on the same or similar evidence. *Id*. The third party "must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Id. Here, it has been more than 14 days since the original answer was served.

Impleader is appropriate where a defendant "is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart v. American Int'l Oil 7 Gas Co.*, 845 F.2d 196, 200 (9th Cir.1988). In exercising discretion whether to grant leave to file a third-party complaint, courts have considered a number of factors, including: (1) timeliness of the motion; (2) whether impleader would delay or unduly complicate the trial; and (3) prejudice to the third part. 6 Fed. Prac. & Proc. Civ § 1443 (3d ed.); *see M.O. C.H.A. Society, Inc. v. City of Buffalo*, 272 F.Supp.2d 217 (W.D.N.Y.2003) (also including, as a consideration, whether the third-party complaint

states a claim on which relief can be granted); *Zero Tolerance Entertainment, Inc. v. Ferguson*, 254 F.R.D. 123, 127 (C.D.Cal.2008).

In its proposed Third-Party Complaint, Grasmick alleges that Church Brothers is liable to Grasmick for all or part of the claim against Grasmick by Papa Murphy's based upon causes of action in tort, contract, statute, and equity. Grasmick alleges that it received the chopped romaine lettuce from Church Brothers in sealed bags, that Grasmick never opened those sealed bags, and therefore any adulteration of the lettuce was not caused by Grasmick. Under these circumstances, particularly given the lack of response to the motion, the Court finds that the motion would not delay or unduly complicate the trial, and there is no prejudice to any other party. Accordingly, the Court will grant the motion.

## ORDER

**IT IS ORDERED:**

1.  Third Party Defendant Grasmick Produce Co., Inc's Motion for Leave to File Third Party Complaint (Dkt. 44) is **GRANTED**. Grasmick shall immediately file its third-party complaint.

DATED: December 3, 2018

B. Lynn Winmill
Chief U.S. District Court Judge